IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GREGORY GREENWOOD**                                                    **PETITIONER**

**v.**                                  **Civil No. 3:19-cv-598-HTW-BWR**

**BURL CAIN**                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [15] Motion to Dismiss filed by Respondent Burl Cain. Also before the Court is the [17] "Motion for Voluntary Dismissal" filed by Petitioner Gregory Greenwood, to which Respondent Burl Cain has filed a [18] Response. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [17] "Motion for Voluntary Dismissal" filed by Petitioner Gregory Greenwood and dismissing the [1] Petition for Writ of Habeas Corpus with prejudice. In light of that recommendation, the undersigned further recommends finding as moot the [15] Motion to Dismiss filed by Respondent Burl Cain.

## I. BACKGROUND

On August 23, 2019, Petitioner Gregory Greenwood ("Petitioner" or "Greenwood") signed a [1] Petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court, which was filed of record on August 23, 2019.[1] Pet. [1]. On November 27, 2019, United States District Judge Henry T. Wingate determined that Greenwood's [1] Petition qualified as a successive petition, under 28 U.S.C. §

---

[1] For the relevant factual and procedural background, *see In re Greenwood*, Civ. No. 19-60884, 2022 WL 501393, at *1 (5th Cir. Feb. 18, 2022) (unpublished).

2244(b)(3)(A),[2] because Greenwood had previously filed a § 2254 habeas petition challenging the same conviction. Order [5] at 1-2. Since Greenwood had not obtained the requisite authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition, Judge Wingate transferred the case to the Fifth Circuit, pursuant to 28 U.S.C. § 1631,[3] "for a determination of whether this successive Petition should be allowed." *Id*. at 2.

On appeal, the Fifth Circuit concluded that Greenwood's [1] Petition was not "second or successive," within the meaning of 28 U.S.C. § 2244(b)(3)(A), because a "new judgment" had been entered in the intervening period between the filing of Greenwood's first habeas petition and the present habeas petition. *In re Greenwood*, Civ. No. 19-60884, 2022 WL 501393, at *1 (5th Cir. Feb. 18, 2022) (unpublished). Thus, the Fifth Circuit held that Greenwood was not required to obtain prior authorization to proceed with his [1] Petition. *Id*. at *2. Accordingly, the Fifth Circuit reversed and remanded this case for further proceedings. *Id*. at *3.

On remand, Respondent Burl Cain ("Respondent") filed the instant [15] Motion to Dismiss, arguing that Greenwood's [1] Petition should be dismissed as an abuse of the writ. Mot. [15] at 8-10. Alternatively, Respondent argues that Greenwood's [1] Petition should be dismissed as procedurally defaulted or, in the alternative, procedurally barred. *Id*. at 11-20. Respondent further argues that Greenwood's

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).
[3] 28 U.S.C. § 1631 provides that when a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

2

request for an evidentiary hearing and the appointment of counsel should be denied. *Id*. at 20-22.

Greenwood did not file a response; instead, Greenwood filed the instant [17] "Motion for Voluntary Dismissal" requesting the dismissal of his [1] Petition with prejudice. In [18] Response, Respondent argues that the Court should grant both parties requests to dismiss the [1] Petition with prejudice; however, Respondent requests that the Court address the merits of his [15] Motion to Dismiss before doing so. Resp. [18] at 2,4.

## II. RELEVANT LEGAL AUTHORITY

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. Federal Rule 41 permits a plaintiff to dismiss a civil action, without a court order, by filing: (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or (2) "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). However, if neither condition is met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . ." Fed. R. Civ. P. 41(a)(2). Federal Rule 41(a)(2) further provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

The Fifth Circuit has explained that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath*

*Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

## III. DISCUSSION

In this case, because Greenwood did not seek a voluntary dismissal until after Respondent filed his [15] Motion to Dismiss, Federal Rule 41(a)(2) controls. Therefore, the Court must "ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor*, 279 F.3d at 317. If it will, the Court can either (1) deny the motion outright or (2) craft conditions to cure the plain legal prejudice. *Id*. at 317-18. If granting the motion unconditionally will not cause plain legal prejudice, the Court generally grants the motion "absent some evidence of abuse by the movant." *Id*. at 317.

Respondent concedes that the Court has the authority to grant Greenwood's [17] "Motion for Voluntary Dismissal" with prejudice and agrees that Greenwood's [1] Petition should be dismissed with prejudice. Resp. [18] at 4-6. Yet, Respondent contends that granting Greenwood's request for a voluntary dismissal "at this late stage of the proceedings," without premising the grant of dismissal on the merits of Respondent's [15] Motion to Dismiss, would result in plain legal prejudice to Respondent. Resp. [18] at 8-9. In support of that argument, Respondent cites a litany of Fifth Circuit cases involving voluntary dismissals. *See id*. at 7-9.

However, Respondent asserts that the Court could employ its authority to grant Greenwood's requests for a voluntary dismissal with prejudice, with other appropriate conditions that would remedy the allegedly resulting plain legal

4

prejudice from granting Greenwood's [17] Motion. Resp. [18] at 9. According to Respondent, such an appropriate condition, would be to grant Greenwood's [17] Motion seeking a voluntary dismissal with prejudice, but to base that dismissal on the merits of Respondent's [15] Motion to Dismiss. Resp. [18] at 9.

Respondent has failed to explain why this additional step is necessary or how a dismissal with prejudice would result in plain legal prejudice to Respondent. To begin with, under Fifth Circuit precedent, a dismissal with prejudice operates as a final judgment on the merits for res judicata purposes. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir. 1993)); *see also In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir. 1994) (quoting *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1994) (noting that the Fifth Circuit "has long recognized that a consent judgment is a judgment on the merits, and is normally given the finality accorded under the rules of claim preclusion."). *See also Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1717 (2017) (Thomas, J., concurring) (explaining that the plaintiff's request for the district court to dismiss their claims operated as a consent to the judgment against them).

Additionally, the lion's share of cases cited by Respondent in support of the argument that plain legal prejudice will result from granting Greenwood's request for a voluntary dismissal with prejudice are posturally inapposite to the present case. Those cases involved requests for voluntary dismissal *without prejudice*.[4] (emphasis

---

[4] *See Elbaor*, 279 F.3d at 317 (reviewing district court's conversion of voluntary motion to dismiss without prejudice to with prejudice); *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 628 F.3d

5

added). This case, however, involves a request for voluntary dismissal *with prejudice*. (emphasis added).

The lone exception is *United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187 (5th Cir. 2018), which, like the present case, involved a request for voluntary dismissal with prejudice. On appeal, the Fifth Circuit upheld the district court's decision to grant the request on the ground that the defendant had failed to establish the existence of plain legal prejudice. *Id.* at 198.

Importantly, the *Vaughn* panel explained that the legal authorities cited by the defendant – *Elbaor*, *Hyde*, and *Ikospentakis* – *id.* at 198, which Respondent likewise cites in this case, Resp. [18] at 6-7, were circumstantially distinguishable. In those cases, the concern was "that the plaintiff was using a voluntary dismissal to escape from a potentially meritorious defense by filing in a different venue or jurisdiction that avoided that defense." *Vaughn*, 907 F.3d at 198. But the panel held that such concerns did not exist in *Vaughn*, reasoning that because the relators sought a dismissal with prejudice, "it [could not] be claimed that the relators were using the motion as a means of self-preserving gamesmanship." *Id*.

In this case, as in *Vaughn*, Respondent has failed to establish that plain legal prejudice would result from granting Greenwood's request to voluntarily dismiss his

---

157, 162 (5th Cir. 2010) (same). *See Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (reviewing district court's granting of a voluntary motion to dismiss without prejudice); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 507 (5th Cir. 2007) (same); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176 (5th Cir. 1990) (same). *See Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 985-86 (5th Cir. 1989) (reviewing district court's denial of a voluntary motion to dismiss without prejudice); *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 327-28 (5th Cir. 2003) (same); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991) (same); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)(same); *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (same).

6

[1] Petition with prejudice.[5] Respondent contends that Greenwood's request for a voluntary dismissal with prejudice, after Respondent moved to dismiss the case, indicates an attempt to avoid an imminent adverse ruling.[6] Resp. [18] at 8. But, as the Court has already explained, the Fifth Circuit explicitly rejected that exact argument in *Vaughn* on the ground that such a concern does not arise where the request is one for a voluntary dismissal with prejudice, as opposed to without prejudice. 907 F.3d at 198. As the Fifth Circuit explained, it cannot be claimed that a request for a voluntary dismissal with prejudice evidences an attempt at self-preserving gamesmanship by, for example, avoided an adverse ruling. *Id*. And that conclusion logically comports with the Fifth Circuit precedent detailed above, *see supra* p. 5, which provides that a dismissal with prejudice operates as a final judgment on the merits.

Moreover, there is no evidence that Greenwood's request to voluntarily dismiss his [1] Petition with prejudice is part of an attempt to file in a different venue or avoid the merits of Respondent's dismissal arguments. Nor is there any evidence that Greenwood's request to voluntarily dismiss with prejudice is a means of self-

---

[5] It is also worth noting that unlike in *Vaughn*, where the realtors sought a voluntary dismissal of the case with prejudice with respect to themselves only to avoid impairing the federal government's efforts to further pursue the case, 907 F.3d at 189, Greenwood's request for a voluntary dismissal with prejudice, Mot. [17], would resolve the entire case.

[6] Respondent dedicates extensive real estate to reciting the factual details of *Doe*, *Davis*, *Hartford*, and *Kramer*, in support of the argument that Greenwood's late-stage request for dismissal would result in plain legal prejudice because Respondent "exerted significant time and effort in the proceedings." Resp. [18] at 7-8. Noticeably absent from the factual recitations, however, is the key distinctions between those cases, and the present case, that Greenwood seeks a dismissal with prejudice. *Compare* Mot. [17] (requesting a dismissal *with prejudice*) (emphasis added), *with Doe*, 343 F.3d at 328 (requesting a voluntary dismissal *without prejudice*) (emphasis added), *Davis*, 936 F.2d at 196 (same), *Hartford*, 903 F.2d at 361 (same), *and Kramer*, 845 F.2d at 1293 (same).

7

preserving gamesmanship. Thus, Respondent has failed to establish that plain legal prejudice would result from granting Greenwood's request to voluntarily dismiss his [1] Petition with prejudice.

Instead, it appears that Greenwood's request to voluntarily dismiss his [1] Petition with prejudice stems from the fact that he is no longer incarcerated.[7] Generally, the undersigned would hesitate to recommend granting a pro se prisoner's request for a voluntary dismissal "with prejudice," especially in a case with such an extensive procedural background. However, under these circumstances, and in the absence of any plain legal prejudice, the undersigned finds it appropriate to recommend granting Greenwood's request for voluntary dismissal with prejudice.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [17] "Motion for Voluntary Dismissal" filed by Petitioner Gregory Greenwood and dismissing the [1] Petition for Writ of Habeas Corpus with prejudice. In light of that recommendation, the undersigned further recommends finding as moot the [15] Motion to Dismiss Respondent Burl Cain.

---

[7] On November 1, 2019, Petitioner filed a [4] Notice of Change of Address, listing his mailing address as the United States Penitentiary in Atwater, California. On February 2, 2022, Petitioner filed another [12] Change of Address, listing a residential home located in Jackson, Mississippi, as his new mailing address. Additionally, a previous [10] Order mailed to Petitioner before Petitioner his most recent [12] Change of Address, at his former mailing address at the United States Petitionary in Atwater, Oklahoma, was subsequently returned an undeliverable. *See* [10] Mail Returned Undeliverable as to [10] Order. Furthermore, a search through the Mississippi Department of Corrections Inmate Search database confirms that Petitioner is no longer incarcerated. *See* Mississippi Department of Corrections, Inmate Search, https://www.ms.gov/mdoc/inmate/Search/GetSearchResults (last visited October 6, 2022).

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of October 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE